# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**RICKEY LEE HOLIFIELD, # 75528**                                   **PETITIONER**

**VERSUS**                           **CIVIL ACTION NO. 3:19CV647-HTW-FKB**

**STATE OF MISSISSIPPI**                                           **RESPONDENT**

## ORDER GRANTING MOTION TO SUPPLEMENT, AFFIRMING MAGISTRATE, AND REQUIRING PETITIONER TO SHOW CAUSE

BEFORE THE COURT are *pro se* petitioner Rickey Lee Holifield's Appeal to District Judge [6] and Motion to Supplement the Record [8]. On September 10, 2019, Holifield filed a Petition for Writ of Habeas Corpus, specifically referencing both Title 28 U.S.C. §§ 2241 and 2254. Six days later, because the Petition did not conform to Title 28 U.S.C. § 2242, United States Magistrate Judge F. Keith Ball ordered him to fill out a form § 2254 Petition by September 30. It is from this Order [4] that Holifield seeks relief. He complains that the form Petition does not address his purported § 2241 claims and that his original Petition is sufficient. On December 9, he moved to supplement a missing page from his motion to appeal. The court has considered petitioner's submission, the record, and the relevant legal authority.

First, the Motion to Supplement is well-taken and is granted.

Second, a district judge "may reconsider any [non-dispositive] pretrial matter" decided by a magistrate judge, "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636 (b)(1)(A). Holifield claims that the form § 2254 petition prevents him from asserting alleged § 2241 claims; however, he has not shown why he cannot also repeat these purported claims inside the form provided. Furthermore, he claims that Magistrate Judge Ball erred by ordering him to name his custodian. An application

for a writ of habeas corpus "shall allege the . . . name of the person who has custody over him." 28 U.S.C. § 2242. Therefore Magistrate Judge Ball did not err in pointing out this deficiency. Finally, Holifield claims he does not know what further information is needed. The Magistrate directed Holifield to the form, which itself directs him to the specific information needed by the court. Holifield fails to demonstrate that the first Order Requiring Petitioner to Respond [4] suffers from clear error or is contrary to law.

The first Order Requiring Petitioner to Respond [4] is affirmed, and the appeal from that Order is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Magistrate Judge F. Keith Ball's Order Requiring Petitioner to Respond [4] is affirmed and *pro se* petitioner Rickey Lee Holifield's Appeal to District Judge [6] is **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that petitioner's Motion to Supplement the Record [8] is **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that, **no later than fourteen days from the entry of this Order**, petitioner shall show cause why this case should not be dismissed for failure to obey an Order [4] of the court. Failure to timely comply with any Order of the court may result in the dismissal of this case.

**SO ORDERED AND ADJUDGED**, this the 18th day of December, 2019.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE